(No. 3994— )

LENA F. HOPPOCK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General, and WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

The claimant, Lena F. Hoppock, seeks an award under the provisions of the Workmen's Compensation Act in the amount of One Hundred and Eight Dollars ($108.00) for medical expenses which she incurred as the result of a fall, while she was employed by the Illinois Public Aid Commission.

Claimant's duties required her to interview, and investigate the eligibility of applicants seeking various types of public assistance. On February 8, 1946, while in the performance of her duties, she visited the home of an Old Age Pension recipient in Kewanee, Illinois. As she left the premises, she slipped on the top step, and fell to the pavement, injuring her leg.

Immediately following the accident she was taken to her home, and Dr. H. R. Varney was called. He ordered the application of ice packs, and the following morning

had claimant taken to the hospital for x-rays. She then returned to her home, but owing to the severity of the injury, it was necessary for her to enter the hospital on February 12, 1946, where she remained for a two week period.

Dr. Varney treated claimant continuously from February 8, 1946 to March 13, 1946. While she was in the hospital it was necessary for him to incise and drain coagulated blood from the injured tissues. Dr. Varney's charges for his services amounted to Fifty-eight Dollars ($58.00). On discharging claimant, on March 15, 1946, he referred her to Dr. L. L. Spanabel for diathermy and other special treatment to restore circulation in her leg. Dr. Spanabel gave claimant twenty of these treatments, for which his charges were Fifty Dollars ($50.00).

The respondent did not provide the necessary medical services, but permitted claimant to secure such services with its full approval. The services were reasonably required, and the excellent results achieved, obviated any additional claim for disability. The reasonableness of the charges is not questioned, and claimant is entitled to an award.

An award is therefore entered in favor of Dr. H. R. Varney in the amount of Fifty-eight Dollars ($58.00), and an award is entered in favor of Dr. L. L. Spanabel in the amount of Fifty Dollars ($50.00), both of which are payable forthwith.

Inasmuch as the Illinois Public Aid Commission has funds available for payment of compensation awards, the court specifically directs the payment of the above awards by the State Treasurer, as Trustee Ex-Officio, from the funds heretofore deposited with the State Treasurer pursuant to Section 181a, Chapter 127, Revised Statutes of Illinois. Payment of these awards from

this fund is requested by the Illinois Public Aid Commission, and such request constitutes the necessary statutory direction.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."